******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., concurring. I agree with and join the majority decision. Specifically, I agree that this court's decision in *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013), when read together with the decision of the United States Supreme Court in *Rutledge* v. *United States*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), requires the conclusion that the vacatur remedy prescribed in *State* v. *Polanco*, supra, 255, applies to the double jeopardy violation caused by cumulative homicide convictions arising from the killing of a single victim. I write separately only to emphasize that in the present case, as mentioned by the majority, the state did not argue that the merger remedy was appropriate because the defendant, Pedro L. Miranda, had been sentenced to life without the possibility of parole, and therefore could not suffer any collateral consequences by virtue of having both his conviction for murder and his conviction for felony murder appear on his record. See footnote 8 of the majority opinion. Accordingly, the question of whether the absence of such collateral consequences would render the merger remedy appropriate in a particular case is not resolved by today's decision.

Accordingly, I concur.